UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOHNNY TOBIN

            PRISONER CASE NO.
 v.           3:04-cv-952 (SRU)

JOHN DOE, ET AL.

**RULING ON PENDING MOTIONS**

   The plaintiff, Johnny Tobin, is currently confined at the Corrigan Correctional Institution, in

Uncasville, Connecticut.  Pending before the court are Tobin's motion for preliminary

injunction/temporary restraining order and motion for prejudgment remedy.  For the reasons set

forth below, both motions are denied.

I.  Motion for Prejudgment Remedy [doc. # 16]

   Tobin asks the court to issue a prejudgment lien in the amount of $350,000.00 against the

only defendant, a Stamford Police Officer who has yet to be served.  Rule 64 of the Federal Rules of

Civil Procedure permits a plaintiff to utilize the state prejudgment remedies available to secure a

judgment that might ultimately be rendered in an action.  See Granny Goose Foods, Inc. v.

Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County, 415 U.S. 423,

436 (1974); Cordoba Shipping Co., Ltd. v. Maro Shipping Ltd., 494 F. Supp. 183, 186 (D. Conn.

1980).  Rule 64 provides in pertinent part:

> At the commencement of and during the course of an action, all
> remedies providing for seizure of person or property for the purpose
> of securing satisfaction of the judgment ultimately to be entered in the
> action are available under the circumstances and in the manner
> provided by the law of the state in which the district court is held,
> existing at the time the remedy is sought . . . .

Fed. R. Civ. P. 64.  Connecticut General Statutes § 52-278a et seq. governs prejudgment remedies

and "provides that a plaintiff suing for a money judgment may attach a defendant's real or personal property during litigation, if the plaintiff follows the statutory procedures designed to protect the defendant." Cordoba, 494 F. Supp. at 186.  Connecticut General Statutes § 52-278c sets forth the required documents to be filed with the court and the requirements of service on the defendant of notice of intent to secure a prejudgment remedy.  A prejudgment remedy may be obtained when the plaintiff establishes that there is probable cause to sustain the validity of his claims.  See Connecticut General Statutes § 52-278d.

Connecticut General Statutes § 52-278b provides that "no prejudgment remedy shall be available to a person in any action at law or in equity (1) unless he complied with the provisions of sections 52-278a to 52-278g inclusive . . . ."  Connecticut General Statutes § 52-278c requires that an affidavit be submitted with the application for prejudgment remedy.  See Conn. Gen. Stat. § 52-278c(a)(2); Lauf v. James, 33 Conn. App. 223, 227-29, 635 A.2d 300, 302-03 (1993) (court held that section 52-278c(a) requires that an affidavit be submitted with an application for prejudgment remedy in order for the trial court to grant a prejudgment remedy).  The affidavit must be "sworn to by the plaintiff or any competent affiant setting forth a statement of facts sufficient to show that there is probable cause that a judgment in the amount of the prejudgment remedy sought . . . will be rendered in the matter in favor of the plaintiff."  Conn. Gen. Stat. § 52-278c(a)(2).  Here, Tobin has not submitted an affidavit with his motion.  Thus, Tobin has failed to comply with Connecticut General Statutes § 52-278c(a)(2).

In addition, Connecticut General Statutes § 52-278c requires that a notice and claim form containing certain language must be attached to the application for prejudgment remedy.  See Conn. Gen. Stat. § 52-278c(e), (f) and (g).  Tobin has failed to attach the appropriate notice and claim form

to his application for prejudgment remedy.   Because Tobin's motion for prejudgment remedy does

not comply with subsections (a)(2), (e), (f) and (g) of Connecticut General Statutes § 52-278c, it is

denied.

II.     Motion for Temporary Restraining Order/Preliminary Injunction [doc. #15]

        Tobin seeks a court order directing several non-parties, the Commissioner of Correction

and a medical supervisor, the warden and a physician at Corrigan Correctional Institution, to

provide him with physical therapy and medical treatment for an injury to his back suffered in July

2002.  Although a hearing is generally required on a properly supported motion for preliminary

injunction, oral argument and testimony is not required in all cases.  See Drywall Tapers & Pointers

Local 1974 v. Local 530, 954 F.2d 69, 72 (2d Cir. 1992).  Where, as here, "the record before the

district court permits it to conclude that there is no factual dispute which must be resolved by an

evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral

testimony."  7 James W. Moore, et al., Moore's Federal Practice ¶ 65.04[3] (2d ed.1995).  In this

case, I conclude that oral testimony and argument are not necessary.

        "[I]nterim injunctive relief is an 'extraordinary and drastic remedy which should not be

routinely granted.'"  Buffalo Forge Co. v. Ampco-Pittsburgh Corp., 638 F.2d 568, 569 (2d Cir.

1981) (quoting Medical Society of New York v. Toia, 560 F.2d 535, 538 (2d Cir. 1977)).  In

addition, a federal court should grant injunctive relief against a state or municipal official "only in

situations of most compelling necessity."  Vorbeck v. McNeal, 407 F. Supp. 733, 739 (E.D. Mo.),

aff'd, 426 U.S. 943 (1976).

        In this circuit the standard for injunctive relief is well established.  To warrant preliminary

injunctive relief, the moving party "must demonstrate (1) that it will be irreparably harmed in the

absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." Brewer v. West Irondequoit Central Sch. Dist., 212 F.3d 738, 743-44 (2d Cir. 2000).

Although a showing that irreparable injury will be suffered before a decision on the merits may be reached is insufficient by itself to require the granting of a preliminary injunction, it is nevertheless the most significant condition that must be demonstrated. See Citibank, N.A. v. Citytrust, 756 F.2d 273, 275 (2d Cir. 1985). To demonstrate irreparable harm, plaintiff must show an "'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'" Forest City Daly Housing, Inc. v. Town of North Hempstead, 175 F.3d 144, 153 (2d Cir. 1999) (quoting Rodriguez v. DeBuono, 162 F.3d 56, 61 (2d Cir. 1998)).

Tobin alleges that he suffered an injury to his back in July 2002 when he was in the custody of the defendant at the Stamford Police Department.  Tobin is currently incarcerated at Corrigan Correctional Institution.  He now claims that the physician who examined him at the Stamford Hospital after his fall in July 2002 recommended that he undergo physical therapy for his back injury.  Tobin claims that prison officials at Corrigan Correctional Institution have failed to provide him with physical therapy or a consultation with an outside physician despite his complaints of back pain and stiffness.

The only defendant in this action is a Stamford Police Officer.  Because the prison officials and medical personnel at Corrigan Correctional Institution against whom Tobin seeks injunctive relief are not parties to this action, the court does not have in personam jurisdiction over them.  See

Weitzman v. Stein, 897 F.2d 653, 658 (2d Cir. 1990); Visual Sciences, Inc. v. Integrated Communications, Inc., 660 F.2d 56, 59 (2d Cir. 1981).  See also C. Wright & A. Miller, Federal Practice and Procedure § 2956, at 555 (1973) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction.").  Thus, the court cannot enjoin their actions.

Conclusion

The Motion for Temporary Restraining Order and Preliminary Injunction [**doc. # 15**] and for Prejudgment Remedy [**doc. # 16**] are **DENIED**.

SO ORDERED at Bridgeport, Connecticut, this 15th day of March 2006.


   /s/ Stefan R. Underhill
          Stefan R. Underhill
          United States District Judge