UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| JOHNNY TOBIN | : | |
|---|---|---|
| | : | PRISONER |
| v. | : | Case No. 3:04CV952(SRU) |
| | : | |
| JOHN DOE, et al. | : | |

### RULING ON MOTION FOR SUMMARY JUDGMENT

The plaintiff, Johnny Tobin ("Tobin"), filed this civil rights action pro se pursuant to 28

U.S.C. § 1915 against the City of Stamford, the Stamford Police Department, Sergeant Robert S.

Braccia, a John Doe maintenance worker and a John Doe police officer. On March 28, 2005, the

court dismissed the claims against all defendants except the John Doe police officer and stayed

the case to permit Tobin to file an amended complaint identifying the officer.

On May 13, 2005, Tobin filed an amended complaint naming Police Officer Michael

Burke of the Stamford Police Department as the sole defendant. Tobin alleges that on July 22,

2002, defendant Burke was negligent in failing to maintain a safe and secure holding cell causing

him to fall and injure himself and was deliberately indifferent to his serious medical needs after

he fell. Defendant Burke has moved for summary judgment. For the reasons that follow, the

motion is denied.

### I.      Standard of Review

In a motion for summary judgment, the burden is on the moving party to establish that

there are no genuine issues of material fact in dispute and that he is entitled to judgment as a

matter of law. See Rule 56(c), Fed. R. Civ. P.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

256 (1986). The moving party may satisfy that burden by demonstrating the absence of evidence

supporting the nonmoving party's case.  See PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002) (per curiam).  The court construes the record evidence in the light most favorable to the nonmoving party.  See Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ., 444 F.3d 158, 162 (2d Cir.), cert. denied, 127 S. Ct. 382 (2006).

Where one party is proceeding *pro se*, the court reads the *pro se* party's papers liberally and interprets them to raise the strongest arguments suggested therein.  See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).  Despite such liberal interpretation, however, a "bald assertion," unsupported by evidence, cannot overcome a properly supported motion for summary judgment. Carey v. Crescenz, 923 F.2d 18, 21 (2d Cir. 1991).

## II.    Facts[1]

On July 22, 2002, defendant Burke was the only jailer on duty at the Stamford Police Department from 7 a.m. to 3 p.m.  At about 10:00 a.m. that day, Tobin responded to a warrant for his arrest on a violation of probation charge and turned himself in to the Stamford Police Department.  Defendant Burke took Tobin into custody, processed him without incident and scheduled a court date for him for the following day.

Later that day, Tobin awoke when he heard a loud noise, jumped to his feet, slipped on water that had flooded his cell and fell hitting his lower back on the cell toilet and his head and neck on the cell wall.  As Tobin lay pinned between the wall and the toilet, another detainee yelled for assistance.  When defendant Burke did come by the cell, he heard Tobin screaming that he was injured.

_____

[1]    The facts are taken from defendants' Local Rule 56(a)1 Statement [doc. #41-2] and Exhibits [doc. #41-4] and Tobin's Local Rule 56(a)2 Statement, Affidavit and Exhibits [doc. # 45].

At approximately 2:00 p.m., two other Stamford Police Officers and Emergency Medical Services arrived at the police station. These officers reported that the jailer on duty informed them that Tobin had stated that he had back and neck pain and needed medical treatment. At approximately 2:30 p.m., Emergency Medical Services transported Tobin via ambulance to Stamford Hospital. Tobin arrived at the hospital at approximately 2:45 p.m. X-rays of Tobin's spine revealed no fractures, dislocations or bony abnormalities. The treating physician prescribed Motrin for pain, rest and ice as needed. At approximately 4:00 p.m., Tobin discharged from the hospital.

On May 17, 2005, Tobin filed a complaint dated April 12, 2005, against Sergeant Robert Braccia in the Superior Court for the Judicial District of Stamford. See Tobin v. Braccia, FST-CV-05-4004943-S. On June 27, 2005, Tobin filed a second complaint dated May 20, 2005, against Chief of Police George Mayer and Sergeant P. Vaccaro in the Superior Court for the Judicial District of Stamford. See Tobin v. Mayer, et al., FST-CV-05-40005553-S. Both suits involved claims relating to Tobin's slip and fall in the holding cell on July 22, 2002. On September 18, 2005, Tobin signed a release discharging all claims against the City of Stamford arising from the slip and fall at Stamford Police Station on July 22, 2002 as set forth in the two state court actions. On November 16, 2005, counsel for the defendants in the state court actions mailed Tobin a check representing the final settlement of the two matters. Tobin withdrew both state court actions on November 21, 2005.

III.    **Discussion**

Defendant Burke raises two grounds in his motion. He argues that: (1) Tobin's claims are barred by the statute of limitations, and (2) the release executed by Tobin in connection with his

state court actions bars the claims raised in this action.

A.      **Statute of Limitations**

Defendant Burke contends that Tobin was aware of his identity as of May 17, 2005, when he submitted a description of the incident that occurred on July 22, 2002, which included his name as the jailer on duty, to the City of Stamford's insurance company.  Burke argues that the claims against him are barred by a three-year statute of limitations because he was not served with a copy of the second amended complaint until April 2006.

On March 28, 2005, the court dismissed all claims in the first amended complaint except the claims against the John Doe police officer and stayed the case to permit Tobin to file a second amended complaint identifying the officer.  On April 13, 2005, the court appointed counsel to assist Tobin in filing the second amended complaint.  On May 13, 2005, Tobin filed a second amended complaint naming Police Officer Michael Burke of the Stamford Police Department as the sole defendant.  On June 24, 2005, the court lifted the stay imposed on March 28, 2005, and directed Tobin to submit the necessary papers to enable the United States Marshal to serve the amended complaint on Burke.  Tobin completed the service papers and returned them to the court on or about July 7, 2005.  The Clerk forwarded the papers to the United States Marshal on July 15, 2005.  Despite the fact that on August 25, 2005, the United States Marshal mailed service papers including a waiver of service of summons form to Burke at the Stamford Police Department, Burke neglected to sign the waiver of service of summons and return it to the court.  Thus, on October 6, 2005, the United States Marshal filed a return of service indicating that service by mail upon Burke had been unexecuted.

The Court then issued two orders directing the United States Marshal to personally serve

Burke with a copy of the amended complaint. On February 10, 2006, the United States Marshal personally served Burke at the Stamford Police Department.

Tobin invokes the court's jurisdiction over the claims in the second amended complaint pursuant to 28 U.S.C. §§ 1331 and 1367(a) and 42 U.S.C. §§ 1983, 1988 and 1343(a)(3). In Connecticut, the general three-year personal injury statute of limitations period set forth in Connecticut General Statutes § 52-577 has been uniformly found to apply to federal civil rights actions. See Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994) (applying Connecticut's three-year statute of limitations to actions brought pursuant to 42 U.S.C. § 1983). The Supreme Court has held that if a "cause of action is based on federal law and the absence of an express federal statute of limitations makes it necessary to borrow a limitations period from another statute, the action is not barred if it has been "commenced" in compliance with Rule 3 within the borrowed period." West v. Conrail, 481 U.S. 35, 39 (1987). Under Rule 3, Fed. R. Civ. P., "[a] civil action is commenced by filing a complaint." Because Tobin filed the second amended complaint on May 13, 2005, any claims regarding the incidents that occurred on July 22, 2002, are not barred by the three-year statute of limitations governing section 1983 actions.

Furthermore, Tobin, as a pro se plaintiff proceeding in forma pauperis, was not responsible for effecting service of the amended complaint on Burke. See 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process. . . ."); Armstrong v. Sears, 33 F.3d 182, 188 (2d Cir. 1994) (an incarcerated inmate proceeding in forma pauperis is entitled to rely on service by the U.S. Marshal). The docket sheet reflects that in early July 2005, in response to the court's instructions, Tobin promptly completed the necessary service papers and mailed them to the court. It was then the responsibility of the United States Marshal Service to serve the

second amended complaint on Burke.  The United States Marshal did not serve the second

amended complaint on Burke until February 10, 2006.  Nothing in the court file suggests that the

delay in effecting service of the second amended complaint on Burke could be attributed to

Tobin.  Because an inmate must rely on the court and the United States Marshal Service to effect

service of the complaint, any delay attributed to the court or the Marshal Service tolls the statute

of limitations.  Thus, the motion for summary judgment is denied to the extent it seeks to dismiss

Tobin's claims as barred by the statute of limitations.

     B.     **Effect of the Release**

Burke argues that Tobin's claims are barred by the release that Tobin signed in September

2005 in connection with the settlement of two state court actions involving the same incident.

That release does not expressly release claims against Burke.  Nevertheless, Burke contends that

under Connecticut law the release of the City of Stamford also released Burke because he was an

employee of the City of Stamford.

At common law in Connecticut, the release of one joint tortfeasor released, by operation

of law, all joint tortfeasors.  See Dwy v. Connecticut Co., 89 Conn. 74, 77, 92 A. 883, 884

(1915).  In 1969, the legislature abrogated the common-law rule with respect to joint tortfeasors

by enacting Connecticut General Statutes § 52-572e.[2]  In Sims v. Honda Motor Co., Ltd., 225

Conn. 401, 623 A.2d 995 (1993), the Connecticut Supreme Court explained that under section

---

[2]    General Statutes § 52-572e provides:
(a) For the purposes of this section the term "joint tortfeasors" means two or more
persons jointly or severally liable in tort for the same injury to person or property
whether or not a judgment has been recovered against all or any of them.
(b) A release by the injured person, or his legal representative, of one joint
tortfeasor does not discharge the other tortfeasors unless, and only to the extent,
the release so provides.

52-572e, it is "the contracting parties' intent, not the operation of a legal rule, that determines the scope of a release." Id. at 413-14, 623 A.2d at 1001-02. The "intent rule" adopted by the Court permitted the trial court to consider extrinsic evidence of the parties' intent to determine the scope of the release, regardless of whether the language of the release is ambiguous. Id.

In 1999, the Connecticut Supreme Court considered "whether, notwithstanding General Statutes § 52-572e, a release executed in favor of an employee operates as a matter of law to release the employer whose sole liability is premised on the doctrine of respondeat superior." Alvarez v. New Haven Register, Inc., 249 Conn. 709, 710-11, 735 A.2d 306, 308 (1999). The Court held that "the employer and employee are not joint tortfeasors," but are a single tortfeasor, and that therefore Connecticut General Statutes § 52-572e did not apply to defendant whose sole liability was vicarious or derivative. See Alvarez, 249 Conn. at 711, 713-14, 735 A.2d at 308, 310. Thus, the New Haven Register as the employer was released from any derivative liability of the actions of its employee. Id., at 711, 735 A.2d at 308.

Counsel for Burke has submitted copies of the complaints filed in the two state court actions, which were referenced in the release executed by Tobin and the City of Stamford in September 2005. The complaints name as defendants Sergeant Robert Braccia, Chief of Police George Mayer and Sergeant P. Vaccaro. A liberal reading of the complaints reveals that Tobin sought to recover from those defendants due to their failure to properly train Burke and for their failure to maintain the jail in a safe condition. Thus, it does not appear that Tobin sued those defendants solely on the basis of their vicarious liability for the acts of Burke. I conclude that there is a genuine issue of material fact whether Burke and the City of Stamford are joint tortfeasors for purposes of the applicability of Conn. Gen. Stat. § 52-572e and whether the parties

intended the release to bar claims against Burke.  Those issues preclude summary judgment.

IV.     **<u>Conclusion</u>**

Defendant's motion for summary judgment [**doc. #41**] is **DENIED.**

**SO ORDERED** this 13th day of September 2007, at Bridgeport, Connecticut.


   /s/ Stefan R. Underhill
           Stefan R. Underhill
           United States District Judge